UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN R. KEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-683 (TNM) |
| ) | |
| U.S. DEPARTMENT ) | |
| OF EDUCATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Kevin R. Kemper, appearing *pro se*, has sued the Department of Education and current or former Department employees for injunctive relief and monetary damages. Plaintiff seeks to prevent the Department of Treasury from garnishing his social security payments to satisfy a student loan he alleges was paid in full in the mid-1980s. Pending are Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. # 13], Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order [Dkt. # 3], and Plaintiff's Motion for Summary Judgment [Dkt. # 10]. For the reasons explained below, subject matter jurisdiction is lacking. Consequently, Defendants' motion to dismiss under Rule 12(b)(1) is GRANTED, Plaintiff's motions are DENIED, and the case is DISMISSED without prejudice.

**I. BACKGROUND**

Plaintiff alleges that he was "introduced" to student loans in 1974 while attending a local university in Sacramento, California. Am. Compl. at 1 [Dkt. # 5]. "In the mid 1980's," Plaintiff tendered what he believed to be his "final loan payment of about $250" by way of "a check endorsed 'cashing this check denotes that the account is paid in full.'" *Id.* at 2. Plaintiff did not

1

receive a response from the Department of Education (DOE), but he "presumed that was their standard procedure." *Id.*  Plaintiff surmises that, "[b]eginning in the 1990's," DOE "felt they were not paid off entirely and instead of communicating with the Plaintiff, sent a presumed bill . . . to a local collection agency who sent their developed copy to the Plaintiff." *Id.*  Plaintiff "responded immediately to the Collection Agency that there was no money due [because] the debt was paid in total in the 1980's"; as a result, the collection notices stopped coming to Plaintiff.  *Id.*  But a "few years later, another notice came from another collection agency for approximately $19,000," even though Plaintiff's debt "never was higher than $3200.00." *Id.* at 3.

On February 3, 2017, the Treasury Department notified Plaintiff that his debt to DOE was referred for collection action, whereby 15 percent of Plaintiff's monthly Social Security benefit payments would be withheld to satisfy the debt.  Compl. Attachment [Dkt. # 1 at 5].  The withholding was to begin no sooner than April 2017, but the notice also included information about how "[t]o prevent this collection action." *Id.*  Plaintiff commenced this civil action on March 20, 2017, to enjoin Treasury's proposed action.  The case was formally filed on April 17, 2017, after the court's grant of Plaintiff's motion to proceed *in forma pauperis* submitted with the original complaint.

## II.   SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Because a federal court is "forbidden . . . from acting beyond [its] authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), it has "an affirmative obligation 'to consider whether the

constitutional and statutory authority exist . . . to hear each dispute.'" *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). If not, the case must be dismissed, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006), and the court "can proceed no further," *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). *See id.* (noting that, in the absence of subject matter jurisdiction, "the [district] court could no more rule in favor of the government than against it").

On a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of demonstrating the court's subject matter jurisdiction. *Knapp Med. Ctr. v. Hargan*, 875 F.3d 1125, 1128 (D.C. Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). In deciding the jurisdictional question, the court must construe the complaint liberally, accept the factual allegations as true, and "grant[ ] plaintiff the benefit of all inferences that can be derived from the facts alleged[.]" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But the court need not accept factually unsupported inferences drawn by the plaintiff or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III. ANALYSIS

#### A. Claim for Injunctive Relief

Sovereign immunity "goes to the subject matter jurisdiction of the court." *Delta Foods Inc. v. Republic of Ghana*, 265 F.3d 1068, 1071 (D.C. Cir. 2001). It bars lawsuits against the United States, its agencies, and its employees sued in their official capacities absent a specific waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Wilson v. Obama*, 770 F. Supp. 2d 188, 191 (D.D.C. 2011) (citing *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984)). A

3

waiver "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see Knapp Med. Ctr.*, 875 F.3d at 1128 ("'Only Congress may determine a lower federal court's subject-matter jurisdiction,' and what the Congress gives, the Congress may take away.") (quoting *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004)).

Defendants argue correctly that the Higher Education Act of 1965 (HEA) bars Plaintiff's claim for injunctive relief. *See* Defs.' Mem. at 6-7. The HEA authorizes lawsuits against the Education Secretary,[1] but it specifically states: "[N]o attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary . . . ." 20 U.S.C. § 1082(a)(2). Consequently, Plaintiff's claim for injunctive relief must be dismissed. *See Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988) (holding that § 1082(a)(2) prohibits injunctive relief against the Secretary); *Green v. United States*, 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000) (noting that "[a]n action that seeks to prohibit the government from collecting a debt seeks injunctive relief—a type of action over which this court lacks subject-matter jurisdiction because the government continues to enjoy sovereign immunity from suit as to such claims in accordance with . . . the HEA").

**B. Claim for Monetary Relief**

Plaintiff seeks "general damages of $1900" and punitive damages "in the amount of $19,000,000." Am. Compl. at 6. From all indications, Plaintiff has sued the individual Defendants in their official capacities as DOE employees, which "generally represent[s] only

---

[1] The HEA does not authorize lawsuits against the other Defendants, regardless of whether the relief sought is injunctive. To the extent Plaintiff seeks an injunction against the Department of the Treasury, such relief is unavailable if for no other reason than that the Department of the Treasury is not a defendant in this case.

another way of pleading an action against an entity of which an officer is an agent[.]" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast to a personal-capacity suit where "an award of damages . . . can be executed only against the official's personal assets," an award of damages in an official-capacity suit is recovered from "the government entity itself." *Id.* at 166. As a result, I consider next whether the United States has consented to be sued under the present circumstances.

The HEA does not expressly authorize a private right of action, and "[c]ase precedent weighs heavily against granting an implied cause of action." *Jackson v. Culinary Sch. of Washington*, 788 F. Supp. 1233, 1257-58 (D.D.C. 1992) (listing cases); *accord Ivey v. Duncan*, 13-cv-576, 2014 WL 11256897, at *6 (D.D.C. Aug. 4, 2014), *report and recommendation adopted*, 2016 WL 1452326 (D.D.C. Apr. 13, 2016) (noting that "courts have construed the Act's provision permitting suit against the secretary as a jurisdictional grant only and not as creating a separate cause of action")). Accordingly, the HEA does not authorize Plaintiff's claims in this case.

Nor are Plaintiff's claims properly before me pursuant to the partial waiver of sovereign immunity established by the Federal Tort Claims Act (FTCA).[2] Nothing in the record indicates

---

[2] To the extent that Plaintiff raises any claims that do not sound in tort, these claims are not properly before me pursuant to the Tucker or Little Tucker Acts, 28 U.S.C. §§ 1491, 1346(a)(2). The Tucker Act and Little Tucker Act waive the United States's immunity as to certain claims for monetary damages. The Little Tucker Act confers concurrent jurisdiction upon the United States district courts and the Court of Federal Claims to hear claims "not exceeding $10,000," 28 U.S.C. § 1346(a)(2), whereas the Tucker Act confers exclusive jurisdiction upon the Court of Federal Claims to hear claims exceeding $10,000, 28 U.S.C. § 1491(a)(1). A "claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995). Plaintiff's demand for damages exceeds the Little Tucker Act's $10,000 limit. Accordingly, I lack subject matter jurisdiction over any non-tort claims in this case.

that Plaintiff presented a written claim "to the appropriate Federal agency" before filing suit, as required by the FTCA. *See* 28 U.S.C. § 2675(a). That presentment requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of an unexhausted FTCA claim "for lack of subject matter jurisdiction"). Although Defendants raised this point in their motion to dismiss and Plaintiff was warned that Defendants' arguments could be treated as conceded if not opposed by October 2, 2017, *see* Aug. 30, 2017 Order [Dkt. # 15], Plaintiff did not file a response to Defendants' motion to dismiss. Thus, Plaintiff has not satisfied his burden of establishing subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for want of subject matter jurisdiction is GRANTED, Plaintiff's separate motions for injunctive relief and for summary judgment are DENIED, and the case is DISMISSED without prejudice. A separate order accompanies this Memorandum Opinion.

Dated: January 4, 2018

TREVOR N. MCFADDEN
United States District Judge